IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO.  SA-19-CV-00076 |
| | § | |
| DARRELL ANTONIO WILSON, | § | |
| | § | |
| Defendant. | § | |

## COMPLAINT

NOW COMES the United States of America and files this Complaint as follows:

## INTRODUCTION

1.  The mission of the United States Department of Veterans Affairs (VA) is to care for United States military veterans and their eligible dependents.  As a part of that mission, the VA is charged with all aspects of managing the veterans disability compensation program.

2.  A veteran that is disabled, as a result of a personal injury or disease while in active service may be eligible, under 38 C.F.R. Part 3, Subpart A, to receive monetary support from the VA in the form of VA disability compensation.  In determining eligibility for disability compensation, the VA relies on the representations of the veteran concerning his or her disability.  The VA then uses a rating schedule that represents, as far as can practicably be determined, the reductions in earning capacity from specific injuries or combination of injuries resulting from a disability.  38 C.F.R. §3.321 and 38 U.S.C. §1155.  Disability compensation

1

claims must be accompanied by adequate medical evidence or a VA examination will be authorized. 38 C.F.R. §3.326.

3. This action seeks triple damages and civil money penalties under the False Claims Act based upon the false claims and false records or statements made or used by Wilson in order to obtain benefits. Alternatively, this action seeks damages for payment by mistake of fact, unjust enrichment, and conversion.

## PARTIES

4. Plaintiff is the United States of America.

5. The Defendant is Darrell Antonio Wilson, a resident of San Antonio, Texas.

## JURISDICTION AND VENUE

6. This Court has jurisdiction pursuant to 31 U.S.C. §3732(a) and 28 U.S.C. §1345.

7. Venue is proper in the Western District of Texas under 28 U.S.C. §1391(b) and 31 U.S.C. §3732(a) because the conduct which gave rise to this complaint occurred here.

## STATEMENT OF THE CASE

8. Wilson served in the United States Air Force from December 16, 1980 to December 31, 2000.

9. After leaving military service, Wilson filed a claim for VA disability benefits. He received his first rating decision in May 2001.

10. Following receipt of his first VA disability rating, Wilson filed subsequent claims for increased benefits alleging new and aggravated conditions.

11. On June 19, 2009, Wilson received a rating decision based on a claim for increased evaluation that he filed with the VA on or about September 21, 2007. The effective dates for the alleged disabilities claimed by Wilson varied.

12. The June 19, 2009 rating decision granted Wilson disability compensation for various alleged disabilities. This decision included a 100 percent rating for loss of use of both feet and special monthly compensation for this same alleged disability. The effective date for this alleged disability was April 19, 2004 which meant Wilson received certain retroactive benefits for this claimed condition.

13. Wilson claimed verbally and in writing on multiple occasions that he was physically incapable of ambulating. He claimed this condition began in 2004 in order to receive retroactive benefits. Wilson claimed he could not walk without the use of assistive devices, namely a wheelchair or walker.

14. In 2015, an investigation was initiated by the VA Office of the Inspector General based on information received from one of Wilson's medical providers. The provider suspected that Wilson was fabricating or exaggerating the extent of his injuries with regard to his inability to walk.

15. The investigation concluded on or about April 14, 2016 and the VA Case Agent drafted a Report of Investigation on or about that date. Based on the investigation, the VA determined that Wilson had fraudulently obtained benefits. Specifically, that Wilson was able to ambulate without the use of assistive devices.

16. The compensation Wilson received beginning in 2009, which included retroactive benefits, was higher than the compensation he should have received because Wilson was receiving certain benefits based on his false assertion that he could not ambulate.

17. The rate Wilson should have received is reflected in the chart below as the "new rate." The difference annotated in the chart below is the amount of compensation that Wilson was not entitled to receive:

| Eff. Date | New Rate | Old Rate | Difference | x Months | Total |
|---|---|---|---|---|---|
| 05/01/04 | $ 2,523.00 | $ 3,069.00 | -$546.00 | 7 | $ (3,822.00) |
| 12/01/04 | $ 2,589.00 | $ 3,150.00 | -$561.00 | 1 | $ (561.00) |
| 01/01/05 | $ 2,523.00 | $ 3,084.00 | -$561.00 | 11 | $ (6,171.00) |
| 12/01/05 | $ 2,626.00 | $ 3,210.00 | -$584.00 | 12 | $ (7,008.00) |
| 12/01/06 | $ 2,711.00 | $ 3,315.00 | -$604.00 | 1 | $ (604.00) |
| 01/01/07 | $ 2,610.00 | $ 3,214.00 | -$604.00 | 8 | $ (4,832.00) |
| 09/01/07 | $ 2,905.00 | $ 6,303.00 | -$3,398.00 | 3 | $ (10,194.00) |
| 12/01/07 | $ 2,971.00 | $ 6,447.00 | -$3,476.00 | 12 | $ (41,712.00) |
| 12/01/08 | $ 3,143.00 | $ 6,819.00 | -$3,676.00 | 36 | $ (132,336.00) |
| 12/01/11 | $ 3,255.00 | $ 7,064.00 | -$3,809.00 | 12 | $ (45,708.00) |
| 12/01/12 | $ 3,309.00 | $ 7,183.00 | -$3,874.00 | 12 | $ (46,488.00) |
| 12/01/13 | $ 3,358.64 | $ 7,290.76 | -$3,932.12 | 12 | $ (47,185.44) |
| 12/01/14 | $ 3,415.74 | $ 7,414.70 | -$3,998.96 | 24 | $ (95,975.04) |
| 12/01/16 | $ 3,425.99 | $ 7,436.95 | -$4,010.96 | 11 | $ (44,120.56) |
| | | | | Award Sub-Total: | $ (486,717.04) |

18. On March 28, 2017, Wilson pled guilty to False Statement Relating to a Health Care Matter in violation of 18 U.S.C. §1035 in case number 16-CR-00782 in the United States District Court for the Western District of Texas, San Antonio Division. *United States v. Darrell Antonio Wilson*, 16-CR-00782, docket no. 37. The facts supporting the judgement in that

criminal case are the same or substantially similar to the facts alleged in this Complaint. *Id*. at docket no. 1. Wilson was sentenced to a two year probation term for the offense. *Id*. at docket no. 37. He was not ordered to pay restitution. *Id*.

19. As a result of Wilson knowingly making, using, or causing to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the Government, or knowingly concealing or knowingly and improperly avoiding or decreasing an obligation to pay or transmit money or property to the Government, the VA paid benefits to which there was no entitlement in the amount of more than $486,717.04.

## FIRST CAUSE OF ACTION
## FALSE CLAIMS ACT, 31 U.S.C. § 3729(a)(1)(B)

20. The United States re-alleges and incorporates the preceding paragraphs.

21. By means of the acts described above, the Defendant knowingly made or used, or caused to be made or used, a false record or statement which was submitted to the VA, the authority managing the veterans disability compensation program, and that false record or statement, which was material to the compensation obtained, caused the payment of compensation that would otherwise have been denied.

22. The United States suffered actual damages of at least $486,717.04 and is entitled to treble damages and civil penalties under the False Claims False Claims Act, 31 U.S.C. § 3729 et seq. as amended.

## SECOND CAUSE OF ACTION
## FALSE CLAIMS ACT, 31 U.S.C. § 3729(a)(1)(G)

23. The United States re-alleges and incorporates the preceding paragraphs.

24. By virtue of the acts described above, Wilson knowingly made, used, or caused to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the Government, and knowingly concealed or knowingly and improperly avoided or decreased an obligation to pay or transmit money or property to the Government, all in violation of the False Claims Act, 31 U.S.C. § 3729(a)(1)(G).

25. The United States suffered actual damages of at least $486,717.04, and is entitled to treble damages and civil penalties under the False Claims Act, 31 U.S.C. § 3729 et seq. as amended.

### THIRD CAUSE OF ACTION
### PAYMENT BY MISTAKE OF FACT

25. The United States re-alleges and incorporates the preceding paragraphs.

26. As a result of the conduct described above, Wilson obtained federal funds that were not properly payable.

27. At the time such payments were made, the United States, through the VA, was not aware of Wilson's wrongful conduct.  Had the VA known that Wilson was not disabled to the extent that he represented, it would not have approved payment of his VA benefits.  All payments made based on Wilson's assertions of his disability were done by mistake of fact.

28. As a consequence, the United States is entitled to recover those funds which were obtained in the amount of $486,717.04.

### FOURTH CAUSE OF ACTION
### UNJUST ENRICHMENT

29. The United States re-alleges and incorporates the preceding paragraphs.

30. As a result of the conduct described above, Wilson obtained federal funds to which he was not entitled.

31. In consequence of the acts set forth above, Wilson has been unjustly enriched at the expense of the United States under circumstances directing that in equity and good conscious, the money should be returned to the United States.

### FIFTH CAUSE OF ACTION
### CONVERSION

32. The United States re-alleges and incorporates the preceding paragraphs.

33. This is a claim for conversion of government property.

34. Wilson obtained funds belonging to the United States.

35. Wilson retained, dissipated, and failed to return VA benefit funds to the United States.

36. Wilson wrongfully exercised dominion and control over VA benefit funds to the exclusion of and inconsistent with the rights of the United States.

37. Wilson acted with malice.

38. Wilson continuous and long-term acceptance, taking, and dispensing of funds was wanton and malicious.

39. Wilson is liable to the United States for actual and exemplary damages, in amounts to be determined at trial.

### CONCLUSION

WHEREFORE, Plaintiff prays that that the Court grant judgment for the United States against Wilson as follows:

1. For civil penalties for each false claim, pursuant to 31 U.S.C. § 3729(a);

  2. For three times the amount of actual damages proved pursuant to 31 U.S.C. § 3729(a);

  3. For damages proved for payments made under mistake of fact, unjust enrichment, and conversion; and

  4. For reasonable attorney's fees, costs, and expenses incurred by the United States in prosecuting this action;

  5. Post-judgment interest at the rates permitted by law; and

  6. For such other and further relief as may be appropriate and authorized by law.

        **JOHN F. BASH**
        United States Attorney

  By: *Jacquelyn M. Christilles*
     JACQUELYN M. CHRISTILLES
     Assistant United States Attorney
     Texas State Bar No. 24075431
     601 N.W. Loop 410, Suite 600
     San Antonio, Texas 78216
     Tel: (210) 384-7100
     Fax: (210) 384-7312
     **ATTORNEYS FOR**
     **UNITED STATES OF AMERICA**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO.  SA-19-CV-00076 |
| | § | |
| DARRELL ANTONIO WILSON, | § | |
| | § | |
| Defendant. | § | |

## VERIFICATION OF COMPLAINT

I, Jeffrey Breen, Special Agent of the Department of Veterans Affairs Office of Inspector General Criminal Investigations Division, have read the Complaint in this action and state that its factual contents are true and correct to the best of my knowledge and belief.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

This 9th day of January, 2019.

_____
SPECIAL AGENT JEFFREY BREEN

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

## DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❏ 1 U.S. Government Plaintiff
- ❏ 2 U.S. Government Defendant
- ❏ 3 Federal Question *(U.S. Government Not a Party)*
- ❏ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - Product Liability | ❏ 690 Other | ❏ 423 Withdrawal 28 USC 157 | ❏ 376 Qui Tam (31 USC 3729(a)) |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability | ❏ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ❏ 400 State Reapportionment |
| ❏ 140 Negotiable Instrument | ❏ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ❏ 410 Antitrust |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 330 Federal Employers' Liability | | | ❏ 820 Copyrights | ❏ 430 Banks and Banking |
| ❏ 151 Medicare Act | ❏ 340 Marine | ❏ 368 Asbestos Personal Injury Product Liability | | ❏ 830 Patent | ❏ 450 Commerce |
| ❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❏ 345 Marine Product Liability | | | ❏ 835 Patent - Abbreviated New Drug Application | ❏ 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | ❏ 840 Trademark | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 370 Other Fraud | ❏ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ❏ 480 Consumer Credit |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle Product Liability | ❏ 371 Truth in Lending | ❏ 720 Labor/Management Relations | ❏ 861 HIA (1395ff) | ❏ 490 Cable/Sat TV |
| ❏ 190 Other Contract | ❏ 360 Other Personal Injury | ❏ 380 Other Personal Property Damage | ❏ 740 Railway Labor Act | ❏ 862 Black Lung (923) | ❏ 850 Securities/Commodities/ Exchange |
| ❏ 195 Contract Product Liability | | | ❏ 751 Family and Medical Leave Act | ❏ 863 DIWC/DIWW (405(g)) | ❏ 890 Other Statutory Actions |
| ❏ 196 Franchise | ❏ 362 Personal Injury - Medical Malpractice | ❏ 385 Property Damage Product Liability | | ❏ 864 SSID Title XVI | ❏ 891 Agricultural Acts |
| | | | | ❏ 865 RSI (405(g)) | ❏ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ❏ 895 Freedom of Information Act |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | **Habeas Corpus:** | ❏ 791 Employee Retirement Income Security Act | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | ❏ 896 Arbitration |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | | ❏ 871 IRS—Third Party 26 USC 7609 | ❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 510 Motions to Vacate Sentence | | | |
| ❏ 240 Torts to Land | ❏ 443 Housing/ Accommodations | ❏ 530 General | | | ❏ 950 Constitutionality of State Statutes |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities - Employment | ❏ 535 Death Penalty | **IMMIGRATION** | | |
| ❏ 290 All Other Real Property | ❏ 446 Amer. w/Disabilities - Other | **Other:** | ❏ 462 Naturalization Application | | |
| | ❏ 448 Education | ❏ 540 Mandamus & Other | ❏ 465 Other Immigration Actions | | |
| | | ❏ 550 Civil Rights | | | |
| | | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ❏ 1 Original Proceeding
- ❏ 2 Removed from State Court
- ❏ 3 Remanded from Appellate Court
- ❏ 4 Reinstated or Reopened
- ❏ 5 Transferred from Another District *(specify)*
- ❏ 6 Multidistrict Litigation - Transfer
- ❏ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND: ❏ Yes ❏ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____ DOCKET NUMBER _____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____